T.C. Summary Opinion 2007-185

UNITED STATES TAX COURT

FESTUS E. OBIAKOR AND PAULENE HARRIS OBIAKOR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7618-06S.                     Filed October 31, 2007.

Festus E. Obiakor and Paulene Harris Obiakor, pro sese.

<u>George W. Bezold</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for the year 2003 in the amount of $4,283.  The issue for decision is whether petitioners are entitled to claim a deduction in the amount of $23,211 for noncash charitable contributions for the taxable year at issue.

## Background

The stipulation of facts and the attached exhibits are incorporated herein by reference.  At the time the petition was filed, petitioner resided in Shorewood, Wisconsin.

Petitioner husband (petitioner) was born and raised in Nigeria, and immigrated to the United States to attend Texas Christian University.  After college, he received two master's degrees and a doctorate in education.  He is employed with the University of Wisconsin as a Professor of Education.

Petitioner was raised in a religious community in Nigeria that emphasized charitable giving.  As part of his religious beliefs, petitioner gives amounts of cash and noncash items to various churches and charitable organizations.

During the taxable year in issue, petitioners purportedly made charitable contributions to St. Jude's Hospital, Texas Christian University, their church, and the Salvation Army. Among the items that petitioners gave to the Salvation Army were:

clothing, shoes, women's handbags, irons and ironing boards, backpacks, furniture, and household appliances. All of the items donated to the Salvation Army had been used by petitioners.

Petitioners filed their joint 2003 Federal income tax return reporting a noncash charitable contribution of $23,211. Petitioners attached a receipt of the type given by the Salvation Army to donors for tax purposes to their return.[1] Petitioners listed the following information on the "Special Instructions" portion of the aforementioned receipt: "boxes of jackets; bags of clothes; shoes; fashion bags; irons; quantities of backpacks, furnitures [sic], etc." Under the "Description" portion of the receipt, petitioners listed the value of the items donated as "$17,889.00."

In addition to the noncash items that they donated to the Salvation Army, petitioners testified to making the following cash gifts in taxable year 2003: Texas Christian University ($60); St. Jude's Hospital ($10); NIWI[2] ($250).[3] Petitioners did not provide receipts for any of the aforementioned donations.

---

[1] Petitioner testified that he, and not the Salvation Army's staff, filled out the receipt after it was given to him.

[2] Based on petitioners' testimony, "NIWI" is a religious organization.

[3] The record refers to purported noncash and cash contributions in the amounts of $17,889 and $320, respectively. The record is silent as to the nature of the unaccounted $5,002 ($23,211 – 18,209) in contributions.

Petitioners also attached a form entitled "Itemized Gifts and Donations to the Salvation Army" to their return.  On this form, petitioners listed the value of the items donated to the Salvation Army as follows:

| Items | Value |
|---|---|
| 25 Jackets | $1900 |
| 256 Clothes | 5601 |
| 110 Pair [sic] of shoes | 2485 |
| 45 Fashion bags | 1588 |
| 10 Irons and boards | 200 |
| 30 Backpacks | 255 |
| Furniture | 5560 |
| 20 Household appliances | 300 |
| Total | $17,889 |

With respect to the aforementioned items, petitioners did not attach a Form 8283, Noncash Charitable Contributions, or any other statement of appraisal to their return.

Respondent issued petitioners a notice of deficiency in January 2006.  Respondent disallowed in full the claimed deductions and determined a $4,283 deficiency in petitioners' 2003 income tax.  Petitioners filed a petition for review of respondent's determination.  Petitioners resided in Shorewood, Wisconsin, when their petition was filed.

## Discussion

Deductions are a matter of legislative grace and are allowed only as specifically provided by statute.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Generally, the taxpayer

bears the burden of proving the Commissioner's determination is erroneous.  Sec. 7491(a); Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933).  Although not raised by the parties, under section 7491(a), the burden of proof with respect to any factual issue will shift to respondent if petitioners' testimony with respect to the issue is credible.  For the following reasons, we hold that petitioners have not satisfied this burden.

Generally, section 170(a) allows as a deduction any charitable contribution made within the taxable year.  A charitable contribution is allowed as a deduction, however, only if verified under regulations prescribed by the Secretary.  Sec. 170(a)(1).  These regulations prescribe record-keeping and return requirements for deductions for charitable contributions made after December 31, 1984.  Sec. 1.170A-13, Income Tax Regs.  With respect to claimed deductions for noncash contributions in excess of $5,000,[4] taxpayers must:  (1) Obtain a qualified appraisal, (2) attach a fully completed appraisal summary (Form 8283) to the tax return on which the deduction is claimed, and (3) maintain records pertaining to the claimed deduction in accordance with section 1.170A-13(b)(2)(ii), Income Tax Regs.  No deduction will

---

[4] Similar items of property, such as generic items like clothing and furniture, are aggregated when determining whether the $5,000 threshold is met.  In this case, the claimed deductions for jackets, clothes, shoes, and bags are aggregated and satisfy the $5,000 threshold.  The claimed deduction for furniture also exceeds $5,000.

be allowed if these requirements are not satisfied.  Sec. 1.170A-13(c)(2), Income Tax Regs.

A qualified appraisal is an appraisal document that:  (1) Relates to an appraisal that is made no earlier than 60 days before the date of contribution of the appraised property or later than the due date of the return on which a deduction is first claimed; (2) is prepared, signed, and dated by a qualified appraiser; (3) includes a statement that the appraisal was prepared for income tax purposes; and (4) includes the appraised fair market value of the property on the date (or expected date) of contribution.

A qualified appraiser is an individual who includes on the appraisal summary a declaration that: (1) The individual either holds himself or herself out to the public as an appraiser or performs appraisals regularly; (2) the appraiser is qualified to make appraisals of the type of property being valued; and (3) the appraiser understands that an intentionally false or fraudulent overstatement of the value of the property described in the qualified appraisal or appraisal summary may subject the appraiser to civil penalty under section 6701 for aiding and abetting an understatement of income tax liability.  Sec. 1.170A-13(c)(5)(i)(A), (B), (D), Income Tax Regs.  An individual is not a qualified appraiser if the individual is the donor, the donee, any person employed by the donor or donee, or an appraiser who is

regularly used by the donor or donee and who does not perform most of his or her appraisals for other persons.  Sec. 1.170A-13(c)(5)(iv)(A), (C), (D), (F), Income Tax Regs.

An appraisal summary means a summary of a qualified appraisal that:  (1) Is made on the form prescribed by the Internal Revenue Service (Form 8283), (2) is signed and dated by the qualified appraiser who prepared the qualified appraisal, (3) is signed and dated by the donee, and (4) includes, inter alia, the following: a detailed description of the property; the manner of acquisition of the property by the donor; the name, address, and identifying number of the qualified appraiser who signs the appraisal summary; and the appraised fair market value of the property.  Sec. 1.170A-13(c)(4)(i) and (ii), Income Tax Regs.

With respect to the noncash contributions at issue, petitioners concede that they neither obtained a qualified appraisal of the property that they donated to the Salvation Army, nor did they attach a Form 8283 to the return for the taxable year 2003.  In this case, the only forms that petitioners attached to their 2003 return were a receipt that petitioner filled out and the aforementioned itemized list of the items donated, which he also compiled.  Neither the receipt nor the itemized form meet the requirements prescribed under section 170(a), as they do not meet the requirements for a qualified appraisal made by a qualified appraiser.

Petitioners contend that they made substantial charitable cash contributions in 2003 to St. Jude's Hospital, Texas Christian University, and both their church and the churches of their friends, which they attended occasionally. Petitioners did not provide any receipts, canceled checks, or other written records for their claimed contributions. Petitioner testified that he did not have receipts for the contributions that petitioners made to churches because he did not want to ask the pastor of the church to provide him with a receipt for tax purposes. Although petitioners did not provide a receipt for their contribution to Texas Christian University, petitioner testified that he has been a regular contributor to Texas Christian University for many years and is familiar with the donation process there.

Based on the foregoing, we are convinced that petitioners have not established either that they made the contributions purported or that the value of such contribution was $17,889. Moreover, we note that although petitioners could have easily obtained the necessary documentation to support most of the cash contributions that they purportedly made in this case, they did not do so.

Accordingly, because petitioners have failed to comply with the requirements under section 170(a) with respect to noncash contributions and have failed to substantiate any of the claimed

contribution deductions for the taxable year in issue, respondent's determination is sustained.

<u>Decision will be entered</u>

<u>for respondent</u>.